L. Barron Hill, J.
The parties entered into an agreement whereby the plaintiff agreed to buy commercial paper used to finance the defendant’s business operations. This agreement provided for full recourse against the defendant in the event there was a default in payment under any of the paper transferred, and stated in part: “ 9. If by any provision of this agreement we are obligated to repurchase any Note or Instrument : (a) it will not be necessary for you to make a formal *652 tender of any such Note or Instrument, and you may continue to make collections on such Note or Instrument until we have repurchased it; (b) if we fail to repurchase on demand any such note or Instrument, then, at your option, we will on demand repurchase any and all Notes and Instruments sold to you by us hereunder, whether or not we would be obligated to repurchase such Notes or Instruments by any other provision of this agreement; and (c) the repurchase price of any Note or Instrument repurchasable by us under any provision of this agreement shall be an amount equal to the unpaid balance due on such Note or Instrument plus the amount of any legal fees and disbursements incurred by you, less unearned finance charges. ’ ’
The complaint alleges that defendant failed to repurchase certain notes whereupon it was called to repurchase “ all of the contracts negotiated and assigned by defendant to the plaintiff. ’ ’ This suit is to recover the price of such paper as defined in the agreement, allegedly totaling the sum of $47,643.39.
The defendant moves to dismiss the complaint claiming the action should be in equity where the court would have stricter control over the litigants. In essence, defendant feels the plaintiff may be ‘ ‘ unjustly enriched” where it can sue for the balance due on the obligations at the commencement of the action, retain the paper and continue to make collections. However, I do not believe that merely because the action is in law, the result will be inequitable. The defendant can, in its answer, plead the appropriate affirmative defenses by way of setoff, recoupment or partial payment, so that whatever judgment is obtained will reflect the true financial status of the parties.
. The motion is, therefore, denied.